The opinion of the Court was delivered at April term 1823, at Taunton, by
Parker C. J.
We think the decree of the judge of probate right, and that it ought to be affirmed. As between the guardian and ward, the account is finally settled, and cannot be opened at the instance of either. It was settled by the Supreme Court of Probate, and the judge of probate has no further jurisdiction over it. The only remedy, if the account is incorrectly settled, is to apply to the Supreme Court of Probate for a rehearing, unless upon some new matter not contained in the former account a further accounting of the guardian should be necessary. It is no answer to this to say, that the account, as settled, has been annulled, so that the decree of the Supreme Court of Probate is inoperative ; for it has been annulled only as against the sureties, who showed that it was obtained through the fraud of the guardian and his ward, the present appellant, with intention to charge the sureties in a larger sum than was justly due. The guardian stands charged with the balance of that account, and the decree is in full force against him, and indeed he is now liable to execution therefor, he having been defaulted in the suit upon the bond.[1] The judge of probate can take no notice of the suit at common law on the probate bond ; he finds a decree of the appellate court allowing an account, and he must respect it. If the party to the fraud, in attempting to fix the sureties for more than was due, loses his remedy for what was really due, it is a just consequence of the fraud he practised.
*216 In the other case, the Court are all satisfied there must he a new tr¡ai) on account of the opinion expressed by the judge to the jury, that the guardian might be cited in the probate court to settle a new account, notwithstanding the proceedings which had taken place with respect to the decree in question. That opinion was certainly calculated to have an effect upon the minds of the jury, and to render them more willing to return a verdict against the plaintiff than they otherwise might be. We do not know the strength of the evidence to maintain the allegation of fraud made by the sureties, but if it should have left the case in any degree doubtful, information from the bench, that the whole effect of their verdict against the plaintiff would be to give the ward an opportunity to cite the guardian to resettle his accounts, so that the ward would obtain finally all that was honestly due, would be likely to turn the scale. It is the opinion of the judge who tried the cause, that such would be likely to be the effect of his instruction. It was not a mere intimation, but an explicit declaration, that a verdict against the plaintiff would not preclude the ward from obtaining the fair amount of his demand against the guardian.[1]

 See Foxcroft v. Nevens, 4 Greenl. 75.

 See Curtis v. Bailey, ante, 198.